DISTRICT OF OREGON
**F I L E D**
**August 24, 2016**
**Clerk, U.S. Bankruptcy Court**

Below is an Opinion of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 16-32311-pcm11 |
| PEAK WEB LLC, | |
| Debtor. | |
| MACHINE ZONE, INC., | Adversary No. 16-3083 |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| PEAK WEB LLC, | |
| Defendant. | |
| PEAK WEB LLC, | |
| Plaintiff, | |
| v. | |
| MACHINE ZONE, INC. and EPIC WAR LLC, | |
| Defendants. | |

Page 1 -  MEMORANDUM OPINION

Debtor Peak Web LLC moves for remand of this consolidated action that was removed from California state court to this court by defendants Machine Zone Inc. and Epic War LLC. For the reasons that follow, the motion will be granted.

## PROCEDURE

Debtor supported its motion for remand with declarations. At an August 4, 2016, hearing on a motion in the main case, Case No. 16-32311, the court discussed with counsel the parties' intention with regard to presenting evidence on this motion for remand. Counsel for Machine Zone indicated that he would either simply file a responsive brief or a brief and declaration. Transcript of August 4, 2016, hearing at 11:16-17, Docket # 219. Debtor's counsel indicated that he would talk to litigation counsel about presentation of evidence. Id. at 11:4-6. The court left it to the parties to decide whether they wanted to present evidence by declarations, and set a deadline for submission of any further declarations. Id. at 12:6-11.

After the August 4 hearing, Machine Zone filed an objection to the motion, which it supported with a declaration. Debtor filed a reply and two additional declarations. Machine Zone did not file any objections to the declarations submitted by debtor.

The court held a hearing on the motion on August 17, 2016. After counsel for Machine Zone had argued its position for more than an hour and had responded to the argument by debtor's counsel, Machine Zone's counsel for the first time objected to the court's consideration of the declarations filed by debtor, arguing that they were inadmissible hearsay if the declarant was not in court and subject to cross-examination.

Page 2 - MEMORANDUM OPINION

The court continued the hearing to give Machine Zone an opportunity to cross-examine declarants who were not available for cross-examination at the August 17 hearing, and required Machine Zone to advise debtor and the court by close of business on August 18 which declarants it sought to cross-examine. On August 18, Machine Zone informed the court and debtor that it did not need to cross-examine any of the declarants. Thus, the continued hearing was cancelled. Pursuant to an agreement reached at the hearing, debtor submitted one additional declaration after the hearing that attaches a document Machine Zone wanted in the record. The court has considered the declarations in support of and in opposition to the motion, with the exception of the declaration of Ava Schoen, which debtor withdrew as unnecessary.

Counsel for the creditors' committee informed the court at the hearing that it supported trial of the case in whatever forum debtor prefers.

## FACTS

Debtor and Machine Zone were parties to an agreement under which debtor provided network hosting services for a mobile gaming application developed by Machine Zone. In November 2015, Machine Zone filed a complaint against debtor in the Superior Court of California, Santa Clara County. The complaint alleges causes of action for (1) breach of contract; (2) declaratory relief regarding the right to terminate a services agreement; (3) breach of the covenant of good faith and fair dealing; (4) fraudulent inducement and rescission under California state law; (5) negligent misrepresentation; and (6) promissory estoppel. Shortly thereafter, debtor filed a complaint against Machine Zone and its

Page 3 - MEMORANDUM OPINION

subsidiary Epic War in the same state court, alleging claims for (1) misappropriation of trade secrets; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) negligent misrepresentation; (5) fraudulent inducement; (6) unfair competition; (7) promissory estoppel; (8) conversion; and (9) declaratory relief regarding the parties' rights, obligations, and duties under their agreements. Both parties demanded a jury trial.

The state court consolidated the two actions for all purposes and assigned the case to the complex civil litigation department. This resulted in the assignment of a single judge for all purposes of the case, including discovery and trial, and meant that the trial date would not be postponed due to the priority of criminal trials. An early mediation attempt failed. The state court allowed discovery to proceed, and set a trial date for early March 2017, over Machine Zone's objection.

After debtor filed its chapter 11 case, Machine Zone removed the consolidated action to this court. The court understands that, as a result of Machine Zone's removal of the case to federal court, the state court has vacated the March 2017 trial date.

Debtor seeks remand of the consolidated action to the Santa Clara County California state court.

DISCUSSION

Debtor's motion seeks permissive abstention under 28 U.S.C. § 1334(c),[1] or in the alternative equitable remand under 28 U.S.C.

---

[1] Because of this court's earlier ruling that the automatic stay did not apply to Machine Zone's removal of the action from state court,
(continued...)

Page 4 - MEMORANDUM OPINION

§ 1452(b).

As the court explained in Security Farms v. Internat'l Brotherhood of Teamsters, 124 F.3d 999, 1009 (9th Cir. 1997), abstention is not applicable where the case has been removed from state to federal court. "Abstention can exist only where there is a parallel proceeding in state court." Id. There is no state court action pending that this court could abstain from hearing. Accord In re Lazar, 237 F.3d 967, 981 (9th Cir. 2001).

Equitable remand is governed by 28 U.S.C. § 1452(b), which allows the court to remand "on any equitable ground." This statute provides "an unusually broad grant of authority" to remand on equitable grounds. In re McCarthy, 230 B.R. 414, 417 (9th Cir. BAP 1999). Although courts have stated the test for equitable remand in various ways, the court should generally consider the factors set out in In re Cedar Funding, Inc., 419 B.R. 807, 820 (9th Cir. BAP 2009), as well as "judicial economy and 'the effect of bifurcating the claims and parties' and 'the possibilities of inconsistent results.'" Cox v. Holcomb Family Ltd. P'ship, 2015 WL 128001 at *1 (Bankr. D. Or. 2015) (quoting In re Sequoia Village, LLC, 2012 WL 478926 at *1 (Bankr. D. Or. 2012)). The Cedar Funding factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy

---

[1](...continued)
debtor no longer asserts that abstention is mandatory.

Page 5 - MEMORANDUM OPINION

> case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

Cedar Funding, 419 B.R. at 820 n.18 (citing In re Enron Corp., 296 B.R. 505, 508 n.2 (C.D. Cal. 2003)).

(1) <u>The effect or lack thereof on the efficient administration of the estate</u>

Machine Zone argues that keeping the litigation in this court would be more efficient for administration of the estate; debtor argues that the bankruptcy case can proceed on two tracks -- reorganization and litigation -- without impacting efficient administration of the estate and that, before removal, the state court was poised to resolve the litigation promptly.

I agree with debtor that this case can proceed on parallel tracks, with reorganization proceeding in this court and the Machine Zone litigation proceeding in state court. Debtor represented that, although the claims by and against Machine Zone are important to debtor and its reorganization, reorganization is not dependent on resolution of the claims. The possibilities of a large liability to Machine Zone or a large recovery from Machine Zone will affect the amount that will be available to distribute to creditors, but debtor represents, and there is no evidence to the contrary, that it can confirm a plan without first completing the litigation. Thus, the estate can be efficiently

Page 6 - MEMORANDUM OPINION

administered without first resolving the Machine Zone litigation.

This is not a case where there are bankruptcy issues that need to be resolved before the state law claims can be determined.

Machine Zone argues that it would be more efficient to administration of the estate for this court to be able to control both the reorganization effort and the litigation. Oftentimes, when litigation is critical to the reorganization effort and litigation on two fronts will disrupt the reorganization process, bankruptcy court control of related litigation is important. That is not the case here, where the reorganization effort is not, according to debtor, dependent on resolution of the litigation and debtor wants to proceed in the forum both parties initially chose.

Before this consolidated litigation was removed to federal court, the state court had assigned the case to the complex civil litigation department, assigned a judge who would handle the case from start to finish, and set an early trial date, which would not be rescheduled based on priority criminal cases. This demonstrates that, had the consolidated cases not been removed, relief from stay could have been obtained promptly and the litigation could have proceeded to a timely resolution. It is likely that, upon remand, the state court will renew its management of the case and set the trial promptly. Therefore, it is likely that the state court can provide prompt, efficient resolution of the litigation. To the extent the litigation is necessary to the reorganization, prompt resolution in state court will further rather than hinder that effort.

This court can efficiently move forward toward a confirmation hearing without having the litigation resolved. If issues arise

Page 7 - MEMORANDUM OPINION

regarding voting rights, estimation of claims, and the like relating to confirmation, there are summary procedures available to resolve those issues without waiting for liquidation of the claims.

I conclude that remanding to state court will not have an adverse effect on the efficient administration of the estate. This factor weighs heavily in favor of remand.

(2) <u>Extent to which state law issues predominate</u>

State law issues not only predominate in this litigation; all claims are based on state law, not federal law. There are no bankruptcy issues that need to be determined before the case can be tried. This weighs in favor of remand to state court.

(3) <u>Difficult or unsettled nature of applicable law</u>

Debtor argues that, although this court is capable of resolving issues of state law, this case concerns complex legal issues relating to trade secrets or confidential information under California law, which state courts are in a better position to determine. I do not think that the legal issues raised in this litigation are particularly complex or novel.

However, the case has the potential to become factually complex, involving disputes about technical trade secrets and confidential information. The complex civil litigation court in Santa Clara County is likely better suited to resolve such complex technical commercial issues than is this court. This factor weighs in favor of remand.

(4) <u>Presence of related proceeding commenced in state court</u>

There is no related proceeding pending in state court. If this court were to retain the litigation, all claims could be resolved in

Page 8 - MEMORANDUM OPINION

federal court. This factor weighs against remand.

(5) <u>Jurisdictional basis, if any, other than 28 U.S.C. § 1334</u>

Debtor argues that there is no basis for federal jurisdiction other than § 1334. Machine Zone argues that there is diversity jurisdiction.

There is a factual dispute over whether debtor is a citizen of California for purposes of diversity jurisdiction. If it is, then there is not diversity jurisdiction under 28 U.S.C. § 1332, because Machine Zone is also a citizen of California.

I conclude that whether or not there is a basis for diversity jurisdiction is not an important factor in deciding whether to remand in this case. There is no question that this court could retain the litigation in bankruptcy court as related to the bankruptcy case, pursuant to 28 U.S.C. § 1334. There are no federal law claims. This factor is, in my view, neutral.

(6) <u>Degree of relatedness or remoteness of proceeding to main bankruptcy case</u>

This litigation is not remote to the bankruptcy case; debtor has acknowledged that the outcome of the litigation will affect the amount debtor can pay to creditors. The claims by Machine Zone against debtor are the largest claims against the estate; the claims by debtor against Machine Zone are the largest potential asset of the estate.

However, these important claims need not be resolved before the confirmation hearing, and there is no indication that confirmation is dependent on successful prosecution of the litigation. This factor weighs in favor of remand.

(7) and (8) <u>The substance rather than form of an asserted core</u>

Page 9 -  MEMORANDUM OPINION

<u>proceeding and the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court</u>

The parties agree that these claims are not core proceedings, therefore these factors are neutral. See <u>Cox</u>, 2015 WL 128001 at *2 (these factors apply only to core proceedings).

(9) <u>The burden on the bankruptcy court's docket</u>

This litigation would create a burden on the bankruptcy court's docket if it were retained here. Because Machine Zone does not consent to entry of final judgment by the bankruptcy judge, this court would need to conduct all pre-trial matters and then transfer the case to the district court, thereby also burdening that court. The district court would have no prior knowledge of the parties or the case, requiring it to become familiar with the parties and the issues before trial.

Further, it is very possible that there will be significant pre-trial matters that will take a significant amount of the trial judge's time, whether matters of discovery disputes, motion practice, or the like. Although this court is certainly capable of resolving such disputes, the bankruptcy court's role is ordinarily focused on issues arising under bankruptcy law and managing the reorganization process, not conducting complex litigation.

The trade secrets claims will likely require evidence of details of technology that are outside the types of issues usually handled on this court's calendar.

On the other hand, the state court is fully equipped to and capable of adjudicating the claims and has the complex civil litigation department available to promptly and efficiently try the case. This

Page 10 - MEMORANDUM OPINION

factor weighs in favor of remand.

(10) Forum shopping

This case does not involve any suggestion that debtor filed its bankruptcy case in Oregon in order to move California state litigation to this district and court. In fact, debtor wants the litigation to remain in state court.

Debtor argues that Machine Zone is forum shopping, in the sense of attempting to avoid remand, so that an important witness in the case, Cisco, will be outside the court's subpoena power. Debtor represents that Cisco is located in northern California and thus is subject to the jurisdiction of the California state court. Obtaining the testimony from Cisco in this court would add complexity and expenses.

Machine Zone argues that debtor can simply obtain an out-of-district subpoena and, if Cisco cannot be compelled to appear in this court (or district) to testify, its testimony can be presented by video deposition.

I agree with debtor that a video deposition is not the equivalent of live testimony. Debtor asserts that Cisco is a very important witness in the case. Although it is not clear to me that the reason Machine Zone removed this litigation from California state court was to preclude live testimony from Cisco, the prospect of forcing debtor to rely on video deposition testimony is troubling.

Nonetheless, I do not see the removal as forum shopping, other than the usual dispute in a removed case over which court is the appropriate forum for trial. This factor is neutral.

(11) Right to a jury trial

Both parties demanded a jury trial in their complaints and neither

Page 11 - MEMORANDUM OPINION

denies that there is a right to a jury trial on the claims. Machine Zone does not consent to entry of final judgment by the bankruptcy court. This court cannot conduct a jury trial without consent of the parties and the approval of the district court. <u>See</u> Local Dist. Ct. Rule 2110-8(a). Trial would therefore require the involvement of both this court, in presiding over pre-trial matters, and the district court, which would preside over the jury trial.

In contrast, the complex civil litigation department of the state court in Santa Clara County can handle all pre-trial matters as well as a trial by jury, and enter final judgment. The right to a jury trial does not require remand, but it does weigh in favor of remand.

(12) <u>Presence in the proceeding of nondebtor parties</u>

There are no parties in this action other than debtor and Machine Zone and its subsidiary. There are no nondebtor parties over which this court lacks jurisdiction. Thus, the litigation could be completed in its entirety in this court, with the involvement of the district court. This factor weighs against remand.

(13) <u>Comity</u>

Comity implicates respect for the states and their laws and courts.

The claims in this litigation are all California state law claims, which the California state courts are well-suited to decide.

On the other hand, it does not appear that the state court had invested a substantial amount of time and effort in the case. The complaints were filed in November and December 2015. The cases were consolidated and assigned to the complex civil litigation department. Thereafter there were some skirmishes, including the filing of a motion

Page 12 - MEMORANDUM OPINION

for a temporary restraining order, and the trial court held a case management conference. Discovery had commenced and was proceeding. The case was more than seven months old by the time Machine Zone removed the action to this court, but the parties had not yet filed any responsive pleadings or engaged in any motion practice.

Nonetheless, I conclude that, as a matter of comity, the state court's familiarity with the case as well as the fact that there are no federal claims weighs in favor of remand.

(14) <u>Possibility of prejudice to other parties in the action</u>

Machine Zone does not argue that it will be prejudiced by a remand to state court. In fact, the contract that is the subject of this dispute provides that California state law applies to any disputes and that the parties submit to jurisdiction in the courts of Santa Clara County to resolve disputes regarding the confidentiality provision.[2] There are no other parties to this action that would be prejudiced by remand. This factor weighs in favor of remand.

As for the additional factors from <u>Sequoia Village</u>, judicial economy will be enhanced by allowing this case to proceed in Santa Clara County state court. Litigation of the case in state court is likely to be more efficient than litigating in federal court. On remand, I anticipate that the case will again be assigned to a dedicated judge in the complex civil litigation department, which will manage the litigation and move it

---

[2] Machine Zone says that jurisdiction in Santa Clara County court is not exclusive, and that it applies only to equitable claims. Whether it is exclusive or applies only to equitable claims, the parties each filed their complaints in Santa Clara County, which is consistent with the contract provision.

Page 13 - MEMORANDUM OPINION

toward an early trial. That court is likely better suited to resolve technical state law claims. Although the parties have at this point lost the March 2017 trial date because of Machine Zone's removal to this court, it is likely that the state court will again set a prompt trial date.

Retaining the case in this court will be less efficient, requiring this court's involvement in pre-trial matters and the district court in a jury trial and entry of final judgment. The district court judge would be new to the case and its history, requiring education at the end of the case. This is inefficient.

Machine Zone argues that this court already has a substantial background concerning this litigation, including information about debtor and its business, its financing, its principal, and other parties to the case. This court's familiarity with debtor's business and circumstances relates more to bankruptcy issues than to the issues presented in the litigation over breach of contract and trade secrets. If on remand the case is assigned to the same state court judge who handled it before removal, that judge will already have knowledge of the case from his pre-removal management. If it is assigned to a new judge, that judge can be brought up to speed quickly early in the litigation process.

Machine Zone argues that retention of this litigation in bankruptcy court would avoid piecemeal litigation and avoid the involvement of two courts in the liquidation of the claims. There is no issue of piecemeal litigation; all of the claims in the consolidated actions are based on state law and can be determined in state court. This is not a situation where some claims will need to remain in bankruptcy court and others will

be returned to state court; the consolidated case will stay together whether in federal or state court.

Machine Zone's concern that remand will result in the involvement of two different judges for the litigation does not support retaining the case here. There will be two judges involved regardless of where the case is tried -- either the bankruptcy judge (for bankruptcy issues) and the Santa Clara County judge, or the bankruptcy judge (for pre-trial matters) and the district judge. Judicial efficiency will be furthered by having a single judge handle the entire state court litigation.

The other <u>Sequoia Village</u> factors, relating to bifurcating claims and the possibility of inconsistent results, are not implicated in this case.

CONCLUSION

Having taken all of the <u>Cedar Funding</u> factors into account, as well as considering judicial efficiency, I conclude that the consolidated case should be remanded to state court. This is not a close call. Many factors support my conclusion, but most important are that (1) all of the claims are state law claims that can be ably and efficiently adjudicated in state court; (2) debtor represents that completion of this litigation is not a prerequisite to its ability to propose and seek confirmation of a plan of reorganization, so the reorganization can proceed on a parallel track with the litigation; (3) debtor, who sought the protection of the bankruptcy court, wants to proceed in state court to litigate the claims, a choice supported by the unsecured creditors' committee; (4) this court could not conduct a jury trial or enter final judgment in this case without party consent and approval of the district court, so the case

would need to be sent to district court for trial; and (5) the state court in Santa Clara County is poised to try this case promptly. The factors weighing against remand or that are neutral are few and are not, in my view, significant enough to outweigh the factors that weigh heavily in favor of remand.

###

cc: Timothy J. Conway
    Douglas R. Pahl

Page 16 - MEMORANDUM OPINION